STREAT v. SIMPSON et al.

(Circuit Court, S. D. New York. January 6, 1893.)

PATENTS FOR INVENTIONS—INVENTION—DESIGN PATENT FOR TEXTILE FABRICS.
    Letters patent No. 16,375, issued November 10, 1885, to George Streat for a design for printing textile fabrics, consisting of stripes of solid blocks of color parallel to and alternating with stripes crossed at right angles by alternating dark and light lines blended into each other by shading, "so as to imitate the woven fabric commonly known as 'seersucker,' " are void; it appearing that the patentee merely conceived the idea of imitating seersucker on printed fabrics, which was not new; that he showed to one Gilmore, the owner of a factory, a photograph of seersucker, and perhaps indicated to him how the same might be imitated by shading off cross lines between the stripes, and that the real method of producing the imitation was worked out by a designer in Gilmore's factory, it not appearing that such designer was controlled by anything but the sample and photograph furnished by the patentee. Streat v. White, 35 Fed. Rep. 426, followed.

In Equity. Suit by George Streat against William Simpson, Jr., and others, for infringement of letters patent No. 16,375, issued November 10, 1885, to George Streat for a design for printing textile fabrics in imitation of seersucker. Bill dismissed.

Samuel R. Betts, for plaintiff.
Reuben L. Roberts, for defendants.

WHEELER, District Judge. This case involves the same patent as Streat v. White, decided by this court, held by Judge Shipman, in April term, 1888, (35 Fed. Rep. 426.) There the design sought to be patented is fully described. On the evidence the court then did not find that the plaintiff invented anything but the imitation of seersucker on printed fabrics. More evidence as to the plaintiff's efforts has been produced. That the plaintiff talked with Gilmore, at whose factory the designing and engraving were done, about this pattern,

gave him a sample, and afterwards sent him a photograph of seer-sucker to work by, is not disputed. Probably he showed Gilmore, and perhaps gave to him, a sketch showing his idea of how the seersucker could be imitated by shading off cross lines between the stripes. Whatever he may have done with such a sketch, he had nothing to do about designing or engraving the tools for printing the imitation, but through Gilmore; and that the designer and engraver were controlled by anything but the sample and photograph given to them by Gilmore is not made to appear. They seem to have produced this imitation of seersucker from this sample and photograph, at the plaintiff's request, through Gilmore, without further direction from the plaintiff. That he got the idea of his pattern from seersucker would not prevent a patent for his pattern; but he could not patent the idea of imitating seersucker as a design, as was clearly shown by Judge Shipman, nor the shading of cross lines in an imitation of it, nor by a design patent his method of imitating it. He does not really appear now more than before to have invented anything patentable that would be patented in his patent. Besides this, the defendants' pattern is not more like the plaintiff's than like the photograph of seer-sucker, which all would have a right to work into any pattern not a copy of a patented one. Let a decree be entered dismissing the bill.